**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly A. O'Connor,<br><br>              Plaintiff,<br><br>v.<br><br>Scottsdale Healthcare Corp; et al.,<br><br>              Defendants. | No. CV11-2264-PHX-JAT<br><br>**ORDER** |

On May 15, 2012, the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 18.) The Court dismissed Plaintiff's claim under the Americans with Disabilities Act (the "ADA") for lack of jurisdiction and dismissed the remaining state law claims without prejudice. On May 29, 2012, Plaintiff filed a Motion for Reconsideration and to Set Aside the Judgment, along with an accompanying Declaration. (Doc. 20.)

Plaintiff moves pursuant to Local Rule of Civil Procedure 7.2(g)(1) for the Court to reconsider its May 15 Order and moves pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1) for the Court to set aside the judgment entered the same date. Generally, motions for reconsideration are appropriate only if: 1) the movant presents newly discovered evidence; 2) the Court committed clear error or the initial decision was manifestly unjust; or 3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party should not file a motion to reconsider to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "No motion for

reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); *see also* L.R.Civ.P. 7.2(g)(1). The Court ordinarily will deny a "motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ.P. 7.2(g)(1).

Plaintiff does not point to newly discovered facts or argue that a change in controlling legal authority has occurred. Rather, Plaintiff argues that the Court manifestly erred in dismissing her ADA claim for lack of standing.

In its May 15 Order, the Court found that Plaintiff lacked Article III standing to pursue a claim for ADA discrimination because the momentary delay she suffered in gaining access to the hospital with Peaches, her service dog, did not constitute a denial of public accommodations. The Court relied in part on *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007) in reaching its decision.

Plaintiff confirms in her Declaration accompanying the Motion for Reconsideration that her interaction with the security guard and, later, his supervisor, caused her only a forty-minute delay in reaching her mother's hospital room with Peaches. (Doc. 20-1 ¶14.) Plaintiff does not cite to any cases holding that a forty-minute delay in access constitutes a constructive denial of public accommodation. And she attempts to distinguish *Skaff* because the plaintiff in that case had a physical, rather than a mental, disability, but the Court finds no reason to distinguish *Skaff* on that basis.

Basically, Plaintiff would like the Court to re-think its earlier analysis. Because Plaintiff does not argue a change in controlling precedent and because the Court finds that it did manifestly err in holding that Plaintiff lacked Article III standing to bring a claim that she was denied public accommodation, the Court will not reconsider that holding.

In addition to finding that Plaintiff's momentary delay in reaching her mother's hospital room with Peaches did not constitute a denial of public accommodation, the

Court found that, even if the brief delay somehow did constitute a denial of accommodation, Plaintiff did not have standing to sue for injunctive relief. To establish standing to pursue injunctive relief, Plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. *Chapman v. Pier 1 (U.S.) Inc.¸* 631 F.3d 939, 946 (9th Cir. 2011)(internal citations omitted). And it is the reality of the threat of repeated injury that is relevant to standing, not Plaintiff's subjective apprehensions. *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983).

Plaintiff argues that the Court incorrectly read facts into her Complaint when the Court reached its conclusion regarding her standing to sue for injunctive relief based on a real and immediate threat of repeated injury. The Court will grant Plaintiff's Motion for Reconsideration to the limited extent necessary to correct the Court's earlier mistaken assumptions.

In its May 15 Order, the Court stated, "According to her own Complaint, Plaintiff returned to the hospital without incident on several occasions during the days after the encounter with the security guard. She never had another issue. Any subjective fears about returning to the hospital are belied by the objective reality. Plaintiff's unsubstantiated, subjective fear that she might, at some point in the future, have another problem bringing Peaches to Defendant hospital does not confer standing to pursue injunctive relief." (Doc. pp. 7-8.) Plaintiff correctly points out that while the Complaint alleges she returned to the hospital on several occasions to visit her mother after the incident with the security guard, the Complaint does not allege that Plaintiff brought Peaches with her on those subsequent visits. The Court incorrectly presumed that Plaintiff brought Peaches with her on her return visits to the hospital based on a mistaken assumption that Plaintiff needed and therefore always brought Peaches with her when visiting public accommodations. To the extent the May 15 Order indicates that Plaintiff brought Peaches with her to the hospital several times after the security-guard incident without problem, the Court hereby corrects that mistake.

But Plaintiff admits in her Declaration that she did return to the hospital with

Peaches for a brief visit, after the incident with the security guard, without encountering a problem. (Doc. 20-1 ¶16.) The Court would not have reached a different conclusion regarding Plaintiff's standing to pursue injunctive relief if the Court had known that Plaintiff brought Peaches with her on only one subsequent visit, versus three subsequent visits. Plaintiff's ability, after the incident with the security guard, to enter the hospital without being asked to register Peaches belies her subjective fears that she will again encounter a problem with bringing Peaches to the hospital.

Moreover, the Court's holding regarding Plaintiff's standing to pursue injunctive relief was in addition to the Court's holding that Plaintiff did not suffer an injury sufficient to confer Article III standing to pursue an ADA discrimination claim. Even if the Court had found that Plaintiff sufficiently alleged a real and immediate threat that she would again be asked to register Peaches before entering the hospital, the Court still would have held that Plaintiff lacked standing to pursue her ADA claim because the forty-minute delay she experienced in reaching her mother's room with Peaches did not constitute a denial of public accommodation. The Court would have dismissed Plaintiff's ADA claim for lack of jurisdiction on that basis alone. The Court therefore will not reverse its earlier grant of Defendants' Motion to Dismiss and will not set aside the subsequent judgment for Defendants.

Accordingly,

**IT IS ORDERED Granting** Plaintiff's Motion for Reconsideration (Doc. 20) to the limited extent set forth above, but **Denying** all relief requested by Plaintiff.

Dated this 8th day of June, 2012.

James A. Teilborg
United States District Judge