**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly A. O'Connor,<br><br>       Plaintiff,<br><br>v.<br><br>Scottsdale Healthcare Corp; et al.,<br><br>       Defendants. | No. CV11-2264-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Ex-Parte Motion for an Order Sealing Documents Attached to but not part of Complaint and Mistakenly Filed. (Doc. 26). The Court now rules on the Motion.

Historically, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). However, such a right is not absolute. Nevertheless, there is a strong presumption in favor of access to judicial records. A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the filing is a dispositive pleading, or the "good cause" standard if the filing is a non-dispositive pleading. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Plaintiff asks the Court to seal two documents that were inadvertently filed with the complaint in this action on November 17, 2011 (the "Complaint"). Plaintiff describes these inadvertently filed documents as two pages of correspondence between Plaintiff and a state agency regarding highly confidential financial information and Plaintiff's

Social Security number.  (Doc. 26 at 3).

The Court denies Plaintiff's ex-parte motion because Plaintiff has failed to clearly identify what documents she wants sealed and because no such documents as Plaintiff has described exist in the Court's record of the Complaint.  The Complaint (Doc. 1) is forty-four pages long.  It contains thirty-eight pages of claims against Defendants, two attachments, and a civil cover sheet.   The two attachments are Attachments A and B.  Both attachments are referenced in the body of the Complaint and are clearly not inadvertently filed documents.  Attachment A is referenced on page ten of the Complaint and is a "Service Animal Information" packet.  (*Id.* at 39-42).  The attachment consists of four pages, each individually numbered "Page 1 of 4" and so forth.  Attachment B is referenced on page nineteen of the Complaint and is the death certificate of Plaintiff's mother, Marihelen S. O'Connor.  (*Id.* at 43).  The last page of the Complaint is the Civil Cover Sheet required by the Court to be filed with the Complaint.  (Doc. 1-1 at 1).  The Court finds the Complaint contains no documents that are correspondence between a state agency and Plaintiff, nor does it contain documents exposing Plaintiff's Social Security number.  Accordingly, Plaintiff has failed to meet her burden under *Kamakana* and show that the judicial record in this case should be sealed.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Ex-Parte Motion to Seal Documents Attached to the Complaint (Doc. 26) is denied.

Dated this 21st day of March, 2013.

James A. Teilborg
Senior United States District Judge